## UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **GEF SPV LIMITED** | **CIVIL ACTION NO. 13-3154** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CONQUEST PETROLEUM INCORPORATED,** <br> **f/k/a Maxim TEP, Inc.** | **MAG. JUDGE KAREN L. HAYES** |

### JUDGMENT ON PROMISSORY NOTES AND FOR ENFORCEMENT OF MORTGAGE AND RELATED SECURITY INTERESTS

This matter came before this Court on Plaintiff's Rule 12(c) Unopposed Motion For Judgment On The Pleadings Or, Alternatively, Motion For Summary Judgment (the "Motion for Judgment"), filed with supporting documentation by Plaintiff GEF SPV Limited ("GEF"), on February 12, 2014.  On February 3, 2014, Defendant Conquest Petroleum Incorporated ("Conquest"), through its counsel, filed its Answer Of Conquest Petroleum Incorporated, f/k/a Maxim TEP, Inc., To Verified Complaint On Promissory Notes And For Enforcement of Mortgage And Related Security Interests ("Conquest's Answer").  Conquest's Answer admitted all allegations made by GEF in the Verified Complaint On Promissory Notes And For Enforcement Of Mortgage And Related Security Interests (the "Verified Complaint") and Conquest's Answer raised no affirmative defenses, counterclaims or third party claims.  In addition, Conquest's Answer prayed for entry of judgment in favor of GEF and against Conquest, as prayed for in the Verified Complaint.  Conquest having now appeared in this action and filed its answer and a statement of non-opposition to the Motion, there existing no factual or legal disputes nor need for a trial in this action, GEF having submitted its statement of material facts as required by LR56.1 and affidavits in support of its Motion, and finding the law and evidence to

be in favor of GEF:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that GEF's Motion for Judgment [Doc. No. 18] is GRANTED;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment be and is hereby granted in favor of GEF and against Conquest as follows:

A.      On and for Note #1 as described in the Verified Complaint, in the amounts of

        $1,500,000.00 in principal and $1,559,994.96 in accrued interest, with per diem interest

        of $1,417.47 beginning November 1, 2013 until the principal amount is paid in full;

B.      On and for Note #2 as described in the Verified Complaint, in the amounts of

        $1,000,000.00 in principal and $890,165.35 in accrued interest, with accrual of per diem

        interest of $788.44 beginning November 1, 2013 until the principal amount is paid in full;

C.      On and for Note #3 as described in the Verified Complaint, in the amounts of

        $1,500,000.00 in principal and $1,173,080.65 in accrued interest, with accrual of per

        diem interest of $1,193.46 beginning November 1, 2013 until the principal amount is paid

        in full; and

D.      On and for Note #4 as described in the Verified Complaint in the amounts of

        $1,000,000.00 in principal and $513,064.63 in accrued interest, with accrual of per diem

        interest of $576.60 beginning November 1, 2013 until the principal amount is paid in full;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment be and is hereby granted in favor of Plaintiff GEF and against Defendant Conquest for attorney fees due under the four promissory notes and mortgage, as set forth in the Verified Complaint, in the amount of $70,757.75 and for related disbursements in the amount of $2,155.16, and the right of GEF to seek a further award of attorney fees and disbursements, if allowable by law or contract,

shall be maintained;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment be and is hereby granted in favor of Plaintiff GEF and against Defendant Conquest, recognizing, maintaining and preserving, and allowing full enforcement by GEF of, the Mortgage, Assignment, Security Agreement and Financing Statement (the "Mortgage") executed by Conquest and dated April 5, 2010, which Mortgage was and is perfected as follows:

A.      By the recordation of such Mortgage in the Parishes of Madison, Richland and Franklin Parishes as follows:

     1.      On April 26, 2010, in Mortgage Book 379, Page 274, under File Number 125282, in the official records of Madison Parish, Louisiana, as further transferred and assigned to GEF by virtue of a Notarial Endorsement and Assignment dated January 8, 2013 and recorded on January 22, 2013 in Mortgage Book 412, Page 255, under File Number 130701, in the official records of Madison Parish, Louisiana;

     2.      On April 26, 2010, in Mortgage Book 426 under File No. 348487, in the official records of Richland Parish, Louisiana, as further transferred and assigned to GEF by virtue of a Notarial Endorsement and Assignment dated January 8, 2013 and recorded on January 22, 2013 in Mortgage Book 452 under File No. 359166, in the official records of Richland Parish, Louisiana; and

     3.      On April 27, 2010, in Mortgage Book 379, Page 419, under Register No. 339445, in the official records of Franklin Parish, Louisiana, as further transferred and assigned to GEF by virtue of a Notarial Endorsement and Assignment dated January 8, 2013 and recorded on January 23, 2013 in Mortgage Book 409 under

Register Number 350374, in the official records of Franklin Parish, Louisiana; and

B.      By the filing of a Form UCC-1 Financing Statement on April 23, 2010 as File No.

28445405 in the official UCC records of Lafayette Parish, Louisiana, as amended by that

UCC Financing Statement Amendment filed on January 15, 2013 as File No. 28464694

in the official UCC records of Lafayette Parish, Louisiana; the right of GEF to enforce the

Mortgage granted herein being effective and applicable as to any and all mortgage rights,

security interests, pledges and/or assignments described in the Mortgage and further

including without limitation the right of GEF to seek the judicial seizure and sale of any

and all property, rights and interests of Conquest described in the Mortgage after due

proceedings so as to recover all money judgment amounts awarded to GEF herein; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the right of Plaintiff

GEF to pursue, by separate legal action commenced in the State of Kentucky, foreclosure of any

mortgage or security interests in, on or encumbering real property and/or personal property

located in the State of Kentucky and granted by Conquest and/or by any third party, including

without limitation Mud River Energy, LLC, relating to coal, oil and/or gas interests in that State,

and securing repayment of any indebtedness owed by Conquest to GEF, be and is hereby

preserved.

MONROE, LOUISIANA, this 19th day of February, 2014.

_____

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**